IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3210-F

| | | |
|---|---|---|
| ERSKIN H. MOODY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CORRECTIONAL OFFICER C. WILLIAMS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the motions to dismiss filed by Defendants Engleman, Department of Public Safety ("DPS"), and North Carolina Division of Prisons ("DOP") [DE-65, 69]. For the following reasons, the instant motions to dismiss [DE-65, 69] are ALLOWED, and Defendants Engleman, DPS, and DOP are DISMISSED from this action.

**I. Background**

On August 29, 2013, Plaintiff, an inmate in the custody of the State of North Carolina, filed this action under 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff amended his complaint on September 13, 2013 [DE-10], and on October 27, 2014 the court found that Plaintiff's complaint survived frivolity review [DE-42].

In his complaint, Plaintiff contends that on February 25, 2013 and March 16, 2013, Defendant Williams sexually assaulted him. Compl. [DE-1], p. 6. Plaintiff further contends that Defendants Dupree, Brown, and Dale "knew there was a substantial risk" he would be assaulted. Id. Similarly, Plaintiff asserts that Defendant O'Neal assisted in "cover[ing] . . . up" the alleged sexual

assault. Am. Compl. [DE-10], p. 4.[1]

Defendant Engleman filed his motion to dismiss on February 17, 2015 [DE-65], and Defendants DPS and DOP filed their motion to dismiss on February 19, 2015 [DE-69]. Plaintiff has filed numerous responses [DE-76, 78, 79, 87, 88][2] and the motions to dismiss are now ripe for adjudication.

## II. Discussion

### A.      Defendant Engleman

Defendant Engleman has moved to dismiss Plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

---

[1] With regard to Plaintiff's claims against Defendants Williams, Dupree, Brown, Dale, and O'Neal, the parties have filed cross-motions for summary judgment which are not yet ripe for adjudication [DE-89, 95, 97, 100].

[2] Plaintiff has styled several of his responses as motions, in which he requests that the court "not dismiss any of the persons named in this action" [DE-78, 79, 87, 88]. These motions are DENIED.

2

Here, Plaintiff contends that Defendant Engleman examined him on March 9, 2013. Am. Compl. [DE-10], p. 10. Defendant Engleman allegedly treated Plaintiff for a "scratch . . . in [his] rectum." Id. Plaintiff has not asserted that Defendant Engleman was deliberately indifferent to his serious medical needs.[3] Rather, Plaintiff apparently argues that Defendant Engleman violated the Prison Rape Elimination Act ("PREA"),42 U.S.C. §§ 15601–15609. Specifically, Defendant Engleman told Plaintiff "that all he could do is put [the alleged sexual assault] on file." Id. Although it is not entirely clear, it appears that Plaintiff believes that PREA required Defendant Engleman to do more. However,"[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." De'lonta v. Clarke, No. 7:11-CV-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (collecting cases), appeal dismissed, No. 12-7634, 2012 WL 6701099 (4th Cir. Dec. 27, 2012) (per curiam). For these reasons, Plaintiff's claims against Defendant Engleman are DISMISSED.

## B. Defendants DPS and DOP

Defendants DPS and DOP also seek dismissal of Plaintiff's claims against them pursuant to Rule 12(b)(6). Plaintiff does not make any specific allegations against Defendant DPS. With regard to Defendant DOP, Plaintiff contends that DOP staff has been "non-professional" in their

---

[3] In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, 429 U.S. at 105. Here, Defendant Engleman was not deliberately indifferent because Plaintiff concedes that Defendant Engleman provided treatment for the injury described. Moreover, the "scratch" described by Plaintiff, without more, does not constitute a serious medical need.

3

investigation into his alleged sexual assault. Am. Compl. [DE-10], p. 3.[4]

In sum, Plaintiff seeks to recover from Defendants DPS and DOP under a theory of respondeat superior and/or supervisory liability, for the allegedly unconstitutional acts of their employees. However, liability under § 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658 (1978). Liability cannot be premised on mere allegations of *respondeat superior*. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party can be held individually liable under § 1983 "only for [his] personal wrongdoing or supervisory actions that violated constitutional norms." Clark v. Maryland Dep't of Public Safety and Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009) (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). Accordingly, a supervisor "is obligated, when on notice of a subordinate's tendency to act outside the law, to take steps to prevent such activity. If a supervisory law officer is deliberately indifferent to that responsibility, he then bears some culpability for illegal conduct by his subordinates, and he may be held vicariously liable for their illegal acts." Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002) (citation omitted). A plaintiff must show an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw*, 13 F.3d at 799. Additionally, a plaintiff must show that defendant had some duty or authority to act. See, e.g., Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Mere

---

[4] For the reasons stated above, Plaintiff cannot sue Defendant DPS or DOP for noncompliance with PREA. De'lonta, No. 7:11-CV-00483, 2012 WL 4458648, at *3.

4

negligence by prison official is not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986).

Here, Plaintiff has not made claims against a specific supervisor or explained how a state agency such as Defendants DPS or DOP can be deemed to have exercised supervisory control over an individual employee. Moreover, Plaintiff has not established any causal link between some purported supervisory inaction by Defendants DPS or DOP and the infringement of Plaintiff's Eight Amendment rights. Accordingly, Plaintiff's claims against Defendants DPS and DOP are DISMISSED.

## III. Conclusion

For the aforementioned reasons, the instant motions to dismiss [DE-65, 69] are ALLOWED, and Defendants Engleman, DPS, and DOP are DISMISSED from this action. In light of this disposition, Plaintiff's pending requests that the court "not dismiss any of the persons named in this action" [DE-78, 79, 87, 88] are DENIED. Finally, Defendant Engleman's motion for an extension of time [DE-99] to respond to Plaintiff's pending motion for summary judgment is DENIED AS MOOT.

SO ORDERED. This the 24th day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge